## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BMO BANK N.A.,

                              Plaintiff,

                                                    Case No. 24-cv-10405

v.

                                                    Hon. Brandy R. McMillion
                                                    United States District Judge
D H TRUCKING, INC., M&Y TRUCK
CENTER LLC,

                              Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT (ECF NO. 13)

Plaintiff BMO Bank N.A. ("BMO") sued Defendants D H Trucking, Inc. ("D

H Trucking") and M&Y Truck Center LLC ("M&Y") (collectively, "Defendants")

alleging that Defendants are unlawfully retaining possession of certain tractors and

trailers ("the Collateral") that BMO has the right to recover as an exercise of its

security interest in collateral from loans with non-party Marah Transportation LLC.

*See generally* ECF No. 1.  Defendants filed a third-party complaint against Marah

Transportation LLC and Mohammed Al Saedi (collectively, "Third-Party

Defendants")[1] requesting compensation and incidental damages for unpaid storage

_____

[1] Marah Transportation LLC and Mohammed Al Saedi are the borrower and guarantor of loans
with BMO.  Those loans are secured by the tractors and trailers that are at issue in this litigation.

fees for the Collateral.  *See* ECF No. 10.  However, Defendants never served the third-party complaint on the Third-Party Defendants.

Before the Court is BMO's Motion for Summary Judgment.  ECF No. 13. Defendants did not respond to this motion.  On October 8, 2024, the Court issued an order for Defendants to show cause why their third-party complaint should not be dismissed for failure to prosecute.  *See* ECF No. 15.  At the Show Cause Hearing on November 7, 2024, the Court required Defendants to respond to BMO's Motion for Summary Judgment by November 29, 2024.  *See* ECF No. 16.  As of the date of this Order, Defendants still have not responded to the motion; nor have they served their third-party complaint on Third-Party Defendants.

Having read the brief, the Court finds that oral argument is unnecessary.  E.D. Mich. L.R. 7.1(f)(2).  The Court finds that there is no genuine issue of material fact, and that BMO is entitled to summary judgment.  Therefore, BMO's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.  The Court also **DISMISSES** Defendants'/Third-Party Plaintiffs' Third-Party Complaint (ECF No. 10) for failure to prosecute.  Fed. R. Civ. P. 41(b); *Rogers v. City of Warren*, 302 F. App'x 371,

---

Defendants have filed a what they refer to as a Cross-Complaint against Marah Transportation and Mohammed Al Saedi.  *See* ECF No. 10.  However, because Marah Transportation LLC and Mohammed Al Saedi were not party to BMO's initial action, they are better understood as third-party defendants.  Fed. R. Civ. Proc. R. 14.

375 n.4 (6th Cir. 2008) ("[It] is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)").

## I.

BMO entered five separate Loan and Security Agreements (the "Loan and Security Agreements" or "Agreements") with Marah Transportation LLC ("Borrower"). ECF No. 13, PageID.400;[2] *see also* ECF Nos. 1-2, 1-3, 1-4, 1-5, 1-6 (the Loan and Security Agreements).[3] The Agreements funded Borrower's purchase of eighteen commercial tractors and trailers for use in its business – the Collateral at issue in this litigation. *See* ECF No. 1-2, PageID.27, 1-3, PageID.31, 1-4, PageID.43, 1-5, PageID.46, 1-6, PageID.60. Pursuant to the Agreements, Borrower "grant[ed] to [BMO] a first priority security interest" in the Collateral, including "all present and future attachments, accessions, accessories, replacement parts, repairs and additions or substitutions." ECF Nos. 1-2, PageID.22-23, 1-3, PageID.31-32, 1-4, PageID.38-39, 1-5, PageID.46-47, 1-6, PageID.54-55 (the Loan and Security Agreements, ¶ 2.1). The Agreements also contained language governing default. *See* ECF Nos. 1-2, PageID.24, 1-3, PageID.33, 1-4, PageID.40, 1-5, PageID.48, 1-

---

[2] The Court may treat the facts within BMO's Motion for Summary Judgment as undisputed for purposes of the motion because Defendants failed to respond. Fed. R. Civ. P. 56(e).

[3] BMO attached its complaint and corresponding exhibits to its Motion for Summary Judgment as Exhibit 1. *See* ECF No. 13-1. However, due to the illegibility of the ECF page numbers, the Court will, where necessary, reference evidence attached to the complaint by its location within ECF No. 1.

6, PageID.56.  For example, "[a]n event of default shall occur if [Borrower] fails to pay when due any amount owed by it to [BMO]."  *Id.* (the Loan and Security Agreements, ¶ 5.1).  Borrower is in default on all five Agreements for its failure to pay the amounts due.  ECF No. 13-4, PageID.598.  BMO notified Borrower of its defaults and demanded that it surrender the Collateral, pursuant to the Agreements.  ECF No. 13-4, PageID.599; *see also* ECF Nos. 1-2, 1-3, 1-4, 1-5, 1-6 (the Loan and Security Agreements at ¶ 5.2).  Borrower notified BMO that it did not have the Collateral, and that the Collateral was in Defendants' possession.  ECF No. 13-4, PageID.599.

Defendants operate a storage facility.  ECF No. 10, PageID.180.  According to Defendants' Third-Party Complaint, they are in possession of the Collateral pursuant to a storage contract they entered with Borrower.  *See generally* ECF No. 10.  On November 7, 2023, after learning from Borrower that Defendants were storing the Collateral, BMO sent a letter to D H Trucking demanding surrender of the Collateral.  ECF No. 1-8, PageID.101.  In response, Defendants sent BMO a cease and desist letter.  *See* ECF No. 1-9, PageID.103.  The letter stated:

> D H Trucking has a purchase agreement from [Borrower] regarding the [Collateral].  We are owed back our payments invested into these trailer purchases.  Past due parking rent payments are also owed to D H Trucking beginning from the month of April 2023 up to present time.

*Id.*  D H Trucking also sent BMO an email on November 14, 2023 that included an "Invoice Summary," a "Collections Report," and a document titled "Bills and

4

Applied Payments," all regarding Borrower.  *See* ECF No. 1-10, PageID.104-108.

Defendants allege they "have not received the agreed upon payment for the storage

of vehicles" nor have the Third-Party Defendants "remove[d] the Collateral from

DH and M&Y's property."  ECF No. 10, PageID.180.  All but four units of the

Collateral have been observed at Defendants' storage facility in Detroit.  ECF No.

13-4, PageID.600.  According to BMO, the remaining four units are at "a different

location" that Defendants know of but "will not or have not disclosed."  ECF No.

13-4, PageID.601.  As of the date BMO filed its Motion for Summary Judgment,

Defendants have not surrendered the Collateral.  *Id.*

## II.

A motion for summary judgment under Federal Rule of Civil Procedure 56

shall be granted "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

P. 56(a).  A district court may not "grant summary judgment in favor of a movant

simply because the adverse party has not responded."  *Loc. No. 499, Bd. of Trustees

of Shopmen's Pension Plan v. Art Iron, Inc.*, 117 F.4th 923, 933 (6th Cir. 2024).

Regardless of whether the nonmoving party fails to respond, "the movant always

bears the burden of demonstrating the absence of a genuine issue as to a material

fact."  *Id.*  However, if the nonmoving party "fails to properly address another party's

assertion of fact as required" by not responding, the district court may "consider the

fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]"  Fed. R. Civ. P. 56(e).  "[F]acts must be viewed in the light most favorable to the nonmoving party *only if* there is a 'genuine' dispute as to those facts."  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added).  "A mere scintilla of evidence or some metaphysical doubt as to a material fact is insufficient to forestall summary judgment."  *Babcock & Wilcox Co. v. Cormetech, Inc.*, 848 F.3d 754, 758 (6th Cir. 2017).

### III.

BMO seeks summary judgment on their replevin (Count I) and declaratory judgment claims (Counts II, III, and IV).  *See* ECF No. 13, PageID.400.  As to Count I, BMO requests this Court issue an order granting it possession of the Collateral and a judgment against Defendants for damages resulting from the detention.  *See* ECF No. 1, PageID.13.  If the Collateral is not delivered, BMO requests this Court award a judgment against Defendants for the value of the Collateral.  *Id.*  Further, BMO requests costs, attorneys' fees, interest, and "such other and further relief as shall be just and equitable."  *Id.* at PageID.13-14.

As to Counts II, III, and IV, BMO seeks declaratory judgment that: (1) it "maintains a perfected first-priority security interest" in the Collateral; (2)

Defendants "hold no liens in the Collateral"; and (3) it "is not liable to Defendants for storage fees they assert in the Collateral."  ECF No. 1, PageID.14, 17.

### A. BMO is Entitled to Take Possession of the Collateral

In Michigan, "a civil action may be brought to recover possession of any goods or chattels which have been . . . unlawfully detained and to recover damages sustained by the . . . unlawful detention" so long as the Court finds the "claim for recovery is probably valid."  Mich. Comp. Laws § 600.2920; *see also* Fed. R. Civ. P. 64 (permitting federal courts to award replevin as a civil remedy).  A secured party may validly take possession of collateral after the borrowing party defaults. Mich. Comp. Laws § 440.9609.

It is uncontested that BMO is a secured party with a security interest in the Collateral.  ECF No 13, PageID.400, 402-403.  BMO also asserts, and Defendants do not contest, that it perfected its security interest by recording its interest on the Certificate of Title for all Collateral.  *Id.* at PageID.403-404.  Evidence presented by BMO supports both assertions.  *See* ECF Nos. 1-2, 1-3, 1-4, 1-5, 1-6 (the Loan and Security Agreements); ECF No. 1-7 (Certificates of Title for Collateral); *see also* Mich. Comp. Laws § 440.9102 ("'Security agreement' means an agreement that creates or provides for a security interest"); Mich. Comp. Laws § 440.9303 (stating that perfection of a security interest in a vehicle results when the interest is recorded on the certificate of title); Mich. Comp. Laws § 257.216–.217 (explaining that listing

7

the security interest in a vehicle on its certificate of title is a condition of perfection of that security interest). It is also uncontested that the Borrower defaulted by failing to make payments pursuant to the Loan and Security Agreements; and evidence presented by BMO supports this. *See* ECF Nos. 1-2, 1-3, 1-4, 1-5, 1-6 (the Loan and Security Agreements, ¶ 5.1) (describing "Events of Default" including, "if Debtor fails to pay when due any amount owed by it to Lender . . ."); ECF No. 13-4, PageID.598; *see also* Mich. Comp. Laws § 440.9201 ("[A] security agreement is effective according to its terms between the parties.").

Thus, a reasonable jury would be required to find that BMO is entitled to take possession of the Collateral.

## B. BMO is Entitled to Take Possession of the Collateral Against Defendants

What remains is whether BMO's entitlement is superseded by a superior claim to the Collateral. Michigan's Uniform Commercial Code resolves conflicts between multiple parties with entitlements to take possession of collateral through its priority rules. Mich. Comp. Laws § 440.9609 cmt. 5. Under Michigan's priority rules, liens on Collateral rank "according to priority in time of filing or perfection" and any unperfected security interest is subordinated to any conflicting perfected security interest. Mich. Comp. Laws § 440.9322(1)(a)-(b). Antecedent to this inquiry is whether Defendants have a conflicting security interest or lien in the Collateral.

There is no evidence from which a reasonable jury could find that Defendants hold any lien or security interest in the Collateral.  There is no evidence that Defendants and Borrower are parties to a security agreement, which is necessary to create a security interest.  Mich. Comp. Laws § 440.9102.  Further, there is no evidence to suggest Defendants are entitled to a garage-keeper's lien.  Mich. Comp. Laws Ann. § 570.303.  Caselaw and the text of the statute heavily suggest that the statutory lien applies only to garage keepers that add value to the vehicle they are storing; any lien for storage is merely incidental.  *See id.* ("[T]he lien attaches to the vehicle on the day *the garage keeper performs the last labor or furnishes the last supplies* for which a lien is claimed against the vehicle.") (emphasis added); *Ontario Ltd. v. Alternative Aviation Servs., Inc.*, No. 5:12-cv-10540, 2013 WL 2295453 (E.D. Mich. Jan. 15, 2013); *Nickell v. Lambrecht*, 185 N.W.2d 155 (Mich. Ct. App. 1970) (holding the vehicle's owner must consent to the repair for the lien to attach). Defendants provide no evidence that they performed any work on the Collateral or furnished any labor other than that incidental to its storage.  In fact, BMO presents Defendants' Third-Party Complaint as evidence that Defendants admit they hold no such lien or security interest.  *See generally* ECF No. 10 (describing their relation to Borrower/Third-Party Defendants as through "a service contract . . . to store [their]

semi-trucks").[4]  Given that Defendants neither contest this nor offer any evidence to undermine this assertion, the Court holds no reasonable jury could find Defendants have a security interest in the Collateral.[5]

The only other potential bar to BMO's right of possession is if Defendants were buyers in the ordinary course.  Mich. Comp. Laws § 440.9320.  ("[A] buyer in ordinary course of business . . . takes free of a security interest created by the buyer's seller, even if the security interest is perfected and the buyer knows of its existence.").  To be a buyer in the ordinary course of business, one must participate in a sale "from a person . . . in the business of selling goods of that kind" that "comports with the usual or customary practices in the kind of business in which the seller is engaged or with the seller's own usual or customary practices."  Mich. Comp. Laws § 440.1201(2)(i).  There is no evidence to suggest that Borrower is in the business of selling tractors or trailers.  Nor is there any evidence to suggest that Defendants have acquired title to the Collateral, which is essential for the transfer of vehicle ownership under Michigan Law.  Mich. Comp. Laws § 257.233; *see also In*

---

[4]  BMO attached Defendants' Third-Party Complaint as an Exhibit to its Motion for Summary Judgment.  *See* ECF No. 13-3.

[5] Even if a reasonable jury could doubt the existence of a lien held by Defendants, that lien would be subject to BMO's security interest because BMO maintains a purchase-money security interest in the Collateral.  *See* Mich. Comp. Laws § 440.9103 (defining a purchase-money security interest as arising when the debtor obtains a loan for all or part of the price of the collateral the loan was given to purchase); *see e.g.,* ECF No. 1-2, PageID.26 ("[T]he Equipment being purchased with the proceeds of this Agreement . . .").  Because Defendants neither contest these facts nor present any evidence to undermine this, a reasonable jury would necessarily find BMO has a first-priority security interest.

*re Superior Ground Support, Inc.*, 140 B.R. 878, 882 (Bankr. W.D. Mich. 1992) (holding ownership interest in vehicles under Michigan law does not transfer until title is transferred); *Ladd v. Ford Consumer Fin. Co.*, 550 N.W.2d 826, 832 (1996), *rev'd on other grounds*, 586 N.W.2d 404 (1998) ("[T]itle must first transfer under the [Michigan Vehicle Code] before a buyer in the ordinary course of business can take free and clear of a security interest . . .").

Here, the only evidence that suggests Defendants were buyers of the Collateral is a statement made by Defendants in the cease and desist letter it sent to BMO. *See* ECF No. 1-9, PageID.103 ("D H Trucking has a purchase agreement from Marah Transportation LLC regarding the below trailers. We are owed back our payments invested into these trailer purchases."). Defendants do not provide that agreement nor any other evidence to support this statement. Defendants carry the burden of demonstrating they are buyers in the ordinary course. *HBKY, LLC v. Kingdom Energy Res., LLC*, No. 6:21-CV-00101-GFVT, 2024 WL 4244594, at *3 (E.D. Ky. Aug. 23, 2024). No reasonable jury could find Defendants have carried their burden on this statement alone. Thus, the Court finds that no reasonable jury could find Defendants have any claim to the Collateral that supersedes BMO's first-priority security interest.

The Court therefore **GRANTS** summary judgment in favor of BMO on its replevin claim (Count I) and its declaratory judgment claims (Counts II and III).

11

### C. BMO is Not Liable for Storage Fees Incurred by Borrower

Under Michigan law, "[t]he existence of a security interest . . . without more, does not subject a secured party to liability in contract or tort for the debtor's acts or omissions." Mich. Comp. Laws § 440.9402; *see also* 22 Mich. Civ. Jur. Secured Transactions § 39. Defendants have provided no evidence that contravenes this principle. BMO asserts that it is not party to the contract between Defendants and Borrower for storage of the Collateral, nor has it otherwise assumed liability for the contract. *See* ECF No. 13, PageID.414. Defendants do not dispute this nor do they present evidence that the standard rule exempting secured parties from contract liability should not apply here. *See* ECF No. 10 (Defendants' Third-Party Complaint) (excluding BMO and stating: "A valid service contract existed *between Cross-Plaintiffs and Cross-Defendants* for the storage of semi trucks and other related equipment."). Because a reasonable jury would have to conclude that BMO is not liable for the storage fees incurred by Borrower, the Court **GRANTS** summary judgment in favor of BMO on Count IV.

### IV.

BMO's motion, supporting materials, and undisputed facts therein entitle it to summary judgment as to all four counts. Fed. R. Civ. P. 56(e); *see* ECF No. 1. To that end, the Court determines that: BMO "maintains a perfected first-priority security interest" in the Collateral; Defendants "hold no liens in the Collateral"; and

that BMO "is not liable to Defendants for storage fees they assert in the Collateral." *See* ECF No. 1 (Counts II, III, and IV).  Further, the Court finds BMO is entitled to possession of the Collateral (Count I).

Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiff is entitled to **POSSESSION** of the Collateral and Defendants must **TURN OVER** the Collateral to Plaintiff within fourteen (14) days of the date of this Order.  If Defendants fail or refuse to turn over the Collateral within fourteen (14) days of this Order, Plaintiff may **REPOSSESS** the Collateral by any lawful means.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to a declaratory judgment of the following:

- Plaintiff maintains a perfected first-priority security interest in the Collateral;
- Defendants hold no valid liens in the Collateral;
- Plaintiff has no liability for any storage fees or other costs associated with storage of the Collateral.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED LEAVE** to file a request for damages, in an amount certain, for (i) the value of the Collateral, if it is not returned; and/or (ii) damages for detention.

**IT IS SO ORDERED.**

Dated: December 5, 2024
      Detroit, Michigan

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge